**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

_____

THOMAS KELLEY,                                    Cause No. CV-05-154-BLG-RFC-CSO

          Plaintiff,

                                          FINDINGS AND RECOMMENDATION OF
    vs.                                     UNITED STATES MAGISTRATE JUDGE
                                          TO DISMISS COMPLAINT

MIKE FERRITER, SHERIFF OF
DAWSON COUNTY, and
CAPTAIN GREEN

          Defendants.

_____

       Currently pending before the Court is Plaintiff Thomas Kelley's Complaint filed pursuant

to 42 U.S.C. § 1983 (Court's Doc. No. 1), Plaintiff's Motion for a Court Order for Return of

Legal Papers and Materials and Motion for Extension (Court's Doc. No. 13), and Plaintiff's

Motion to Recuse United States Magistrate Judge Carolyn S. Ostby (Court's Doc. No. 16).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE
JUDGE TO DISMISS COMPLAINT / PAGE 1

Plaintiff is proceeding pro se and in forma pauperis.

## I.  MOTION TO RECUSE

Plaintiff contends that he has a conflict of interest with the undersigned based upon rulings made in a prior habeas proceeding.  The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." Liteky v. United States, 510 U.S. 540, 554-56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." Id. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

The mere fact that the undersigned ruled against Plaintiff in a prior proceeding does not constitute a basis for bias.  This Court has never displayed antagonism toward Plaintiff and there is no basis on which to question this Court's impartiality in this matter.

Therefore, Plaintiff's motion will be denied.

## II.  PARTIES

Plaintiff is a pro se litigant proceeding in forma pauperis.  He is currently incarcerated at Montana State Prison in Deer Lodge, Montana.

The named Defendants are Mike Ferriter (having been substituted in as a Defendant in

place of Bill Slaughter, the former head of the Department of Corrections); Sheriff of Dawson

County, and Captain Green, the acting director of the Dawson County Correction Facility.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he was placed in solitary confinement by Dawson County

Correctional Facility staff on March 14, 2005.  At that time his personal property was inventoried

and logged onto a property receipt form.  In May, Plaintiff was transferred to Crossroads

Correctional Center.  Plaintiff contends that from March 14, 2005, until June 2005 he did not

have access to his personal property.  He is now missing $332.21 worth of horsehair projects.  He

alleges that he has tried all state remedies to fix this but the results have been negative.

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

In Hudson v. Palmer, 468 U.S. 517 (1984), the United States Supreme Court explained

that a state official's unauthorized taking of property under color of state law does not violate the

Constitution if the State provides an adequate remedy for the deprivation:

> [A]n unauthorized *intentional* deprivation of property by a state employee does
> not constitute a violation of the procedural requirements of the Due Process
> Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for
> the loss is available.

Id. at 533 (emphasis added); see also Zinermon v. Burch, 494 U.S. 113, 129-130 (1990); Barnett

v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  A state post-deprivation remedy may

be adequate even though it does not provide relief identical to that available under § 1983.  See

Hudson, 468 U.S. at 531.  In other words, unless the state deprives the plaintiff of the opportunity

to be compensated for his lost property, the plaintiff has not been denied due process and has not,

therefore, been deprived of his property without due process.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE
JUDGE TO DISMISS COMPLAINT / PAGE 3

The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, et seq., provides an adequate post-deprivation remedy.[1]  See, e.g., Mont. Code Ann. § 2-9-101(1) (2001):

> "Claim" means any claim against [the State], for money damages only, which any person is legally entitled to recover as damages because of personal injury or property damage caused by a . . . *wrongful* act or omission committed by any [state] employee of the governmental entity while acting within the scope of his employment, under circumstances where the [State], if a private person, would be liable to the claimant for such damages.

The "prisoner exemption" of Mont. Code Ann. § 2-9-108(2) does not apply to intentional torts; the State remains liable for them, if a private person would be liable and if the intentional tort is committed within the scope of employment.[2]  Id.  Similarly, state employees are not immune from suit for intentional torts.  To the extent the employees act outside the scope of their employment, they remain subject to liability themselves.  Thus, adequate post-deprivation remedies are available.

It is true that the post-deprivation remedy rule "does not apply where deprivation is predictable, pre-deprivation process is not impossible, and the defendants are specifically charged with the authority to effect the deprivation charged."  Armendiaz v. Penman, 31 F.3d 860, 866 (9th Cir. 1994) (citing Zinermon, 494 U.S. at 137-38), vacated in part on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996).

In this case, however, this does not appear to be Plaintiff's claim.  Plaintiff clarified in his

---

[1]  The possibility that other factors, such as a statute of limitations, may intervene between a litigant and his recovery does not alter the fact that the Montana Tort Claims Act provides all the process that is constitutionally due.

[2] Mere negligence by a state official does not deprive an individual of liberty or property for purposes of procedural due process. Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d (1986).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE
JUDGE TO DISMISS COMPLAINT / PAGE 4

September 18, 2006, response to the Court's questions (Court's Doc. No. 14), that the property which was returned and/or destroyed pursuant to prison policies as referenced in the August 1, 2005, grievance (Court's Doc. No. 1, p. 11) was not involved in this lawsuit.  Rather, Plaintiff's contention is that there was no policy which permitted Defendants to take his projects from his property while he was in solitary confinement. (Court's Doc. No. 14, p. 2).

Because the post-deprivation remedy rule applies, and because the Court finds that the Montana Tort Claims Act is an adequate state post-deprivation remedy, Kelley cannot state a claim for an intentional deprivation of property under the Due Process Clause.

Based upon the foregoing, the Court makes the following:

### ORDER

1.  Plaintiff's Motion to require Crossroads to Return Legal Papers and Materials and Motion for Extension to File Response to Court's Order (Court's Doc. No. 13) is **DENIED AS MOOT.**

2.  Plaintiff's Motion to Recuse United States Magistrate Carolyn S. Ostby (Court's Doc. No. 16) is **DENIED.**

Further, the Court makes the following:

### RECOMMENDATION

Plaintiff's Complaint (Court's Doc. No. 1) should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.  As such, this dismissal should count as a strike with regard to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE
JUDGE TO DISMISS COMPLAINT / PAGE 5

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND
CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United

States Magistrate Judge upon Plaintiff.  Plaintiff is advised that pursuant to 28 U.S.C. §

636(b)(1), he has the right to file written objections to this Findings and Recommendation.  Any

objections to the Findings and Recommendation must be filed with the Clerk of Court within

twenty (20) days after entry of this recommendation as indicated on the Notice of Electronic

Filing attached hereto, or objection is waived.

DATED this 1st day of March, 2007.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE
JUDGE TO DISMISS COMPLAINT / PAGE 6